## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>HOLLY L. MACINTYRE,<br>SSN:  xxx-xx-7847,<br><br>      Debtor. | Case No. 10-32946-JGR<br>Chapter 7 |
| HOLLY L. MACINTYRE,<br><br>      Plaintiff,<br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>      Defendant. | Adv. Pro. No. 19-01136-JGR |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

The bankruptcy court receives numerous complaints from debtors seeking to hold creditors in civil contempt for automatic stay injunction and discharge injunction violations. For example, the United States Bankruptcy Court for the District of Colorado has received at least ten such complaints so far this year.[1]

A bankruptcy case is the only federal legal proceeding in which a debtor obtains an automatic injunction against virtually all creditor collection activity upon the mere filing of a petition for relief at the beginning of the case (i.e., the automatic stay), and a permanent injunction against virtually all creditor collection activity upon successful completion at the conclusion of the case (i.e., the discharge).  Disputes arise when the debtor claims that a creditor has committed civil contempt by violating either of the injunctions, during or after the bankruptcy case, by attempting to collect a debt.

This case involves a debtor who claims that the creditor violated her discharge injunction by its actions in certain post-bankruptcy litigation and seeks damages for civil contempt.  She requests an award of actual damages, punitive damages, and for this Court to "strike an illicit order of the Colorado Court of Appeals as void."

---

[1] This number does not include damages for automatic stay injunction and discharge injunction violations sought by motion, rather than by separate adversary proceeding.

The United States Supreme Court recently announced the standards for civil contempt for a violation of a discharge injunction in the case of *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), which provides the framework for this ruling.

## BACKGROUND

### I.     2010 Chapter 7 Bankruptcy Case

Plaintiff Holly L. MacIntyre ("MacIntyre") filed her Chapter 7 bankruptcy case on September 9, 2010.   On her Schedule A, MacIntyre listed an ownership interest in residential real property in Arvada, Colorado (the "Property"), valued at $150,000.  The Property was subject to two mortgages held by JP Morgan Chase Bank, N.A. ("Chase") in the combined amount of $118,500.  The case was a no-asset case in which the bankruptcy estate abandoned the Property back to MacIntyre.  She received her discharge on January 6, 2011, and her case was closed on February 23, 2011.

### II.     State Court Litigation

In 2014, Chase sought a judgment to foreclose on the Property.  After a trial in state court in which MacIntyre fully participated, the state court entered a judgment of judicial foreclosure against her on December 16, 2014.  The state court awarded attorneys' fees and expenses incurred in the judicial foreclosure action to Chase, which were added to the cost of the foreclosure sale.  MacIntyre claims that the attorneys' fees and expenses were denominated as an *in rem* award, not collectible against her personally, since she discharged her personal obligation to Chase in her Chapter 7 bankruptcy case.

MacIntyre appealed the foreclosure judgment to the Colorado Court of Appeals, and, because her three efforts to obtain a stay of execution of the foreclosure judgment were unsuccessful, the Property was sold at a sheriff's sale on January 21, 2016.  On April 28, 2016, the Colorado Court of Appeals affirmed the foreclosure judgment and awarded attorneys' fees and expenses to Chase incurred in the appeal as requested by Chase.[2]  On January 4, 2017, the Colorado Court of Appeals remanded the case to the state trial court to determine the amount of the attorneys' fees.  On January 24, 2017, Chase notified the state court it would not seek recovery of its appellate attorneys' fees and costs.  As a result of this notification, the state court entered an order affirming the foreclosure judgment and closing the case.

MacIntyre sought certiorari in the Colorado Supreme Court, but she later dismissed her appeal as moot on January 3, 2017.  On March 28, 2019, MacIntyre filed a "motion to vacate judgment as moot" in the Colorado Court of Appeals.  The Colorado Court of Appeals denied the motion on April 11, 2019.

---

[2] This order is the subject of MacIntyre's complaint which she asks this Court to strike as void because it does not explicitly state that the award of attorneys' fees and expenses was "*in rem*."

### III.   Reopened 2010 Bankruptcy Case

MacIntyre moved to reopen her bankruptcy case on July 5, 2018, for the purpose of filing an adversary proceeding against Chase for an alleged violation of the discharge injunction.  This Court denied the motion to reopen on August 1, 2018, on the bases that MacIntyre caused the fees by continuing to litigate post-discharge, and no fees were ever collected by Chase from MacIntyre, such that reopening the case for the purpose of filing a complaint for violation of the discharge injunction would be futile.

MacIntyre appealed the order denying the motion to reopen to the Tenth Circuit Bankruptcy Appellate Panel.  On March 5, 2019, the Tenth Circuit Bankruptcy Appellate Panel reversed the August 1, 2018 order denying the motion to reopen, holding that the Court abused its discretion by denying the motion to reopen without holding a hearing to consider whether relief could be afforded to MacIntyre in the reopened case in the form of punitive damages.

On April 25, 2019, this Court entered an order granting the motion to reopen MacIntyre's 2010 bankruptcy case and ordering that a complaint for violation of the discharge injunction be filed by MacIntyre on or before May 28, 2019.

### IV.   Adversary Proceeding

MacIntyre filed her complaint on May 28, 2019.  On July 22, 2019, Chase moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), made applicable herein by Fed. R. Bankr. P. 7012.  MacIntyre responded on August 5, 2019, Chase replied on August 12, 2019, and the Court heard oral argument from the parties on September 18, 2019.

### V.   Federal Court Litigation

MacIntyre also filed a civil action against Chase in the United States District Court for the District of Colorado on January 18, 2019, alleging fraud on the part of Chase in the same foreclosure proceeding of the Property, Case No. 1:19-cv-000172-DDD.  She argued that she was damaged by the loss of the Property and that the "mootness of her appeals" entitles her to have the foreclosure judgment vacated.

The United States District Court dismissed her action on June 28, 2019, holding that under the *Rooker-Feldman* doctrine, it lacked subject matter jurisdiction to reopen a matter that was decided by a final decision of the Colorado Court of Appeals.[3]

## LEGAL ANALYSIS

This Court has jurisdiction over the subject matter of this adversary proceeding under 28 U.S.C. §§ 1334, 157(a) and 157(b), because 11 U.S.C. § 105 gives the bankruptcy court civil contempt power and such civil contempt proceedings are core proceedings. *See In re Skinner*, 917 F.2d 444, 448 (10th Cir. 1990); *In re Schott,* 282 BR 1, 6 (B.A.P. 10th Cir. 2002).

---

[3] MacIntyre appealed the United States District Court's ruling to the Tenth Circuit Court of Appeals, Case No. 19-1290, and the appeal is currently pending.

11 U.S.C. § 524(a) states as follows in pertinent part:

> A discharge in a case under this title--
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228 or 1328 of this title, whether or not discharge of such debt is waived;
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal lability of the debtor, whether or not such debt is waived….

11 U.S.C. § 105(a) authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Generally, unless a debt is excepted from discharge under 11 U.S.C. § 523, a Chapter 7 debtor who receives a discharge under 11 U.S.C. § 727 is relieved of all *in personam*—or personal—liability for debts that arose before the date of the order for relief. After discharge, 11 U.S.C. § 524(a)(2) prohibits creditors from collecting discharged debts. A creditor who attempts to collect a discharged debt is in contempt of the bankruptcy court that entered the discharge order.

It is well-settled that the lien of a secured creditor such as Chase "rides through" bankruptcy unaffected, unless the lien is avoided or disallowed. *Johnson v. Home State Bank*, 501 U.S. 78 (1991). The discharge of personal obligations through a Chapter 7 discharge does not terminate a secured creditor's *in rem* rights. *In re Jackson,* 554 B.R. 156, 165 (B.A.P. 6th Cir. 2016), *aff'd,* No. 16-4201, 2017 WL 8160941 (6th Cir. Oct. 18, 2017).

The question answered by the United States Supreme Court in *Taggart* "concerns the criteria for determining when a court may hold a creditor in civil contempt for attempting to collect a debt that a discharge order has immunized from collection." *Taggart*, 139 S. Ct. at 1799.

Sherwood Park Business Center filed suit in state court against Taggart, who formerly owned an interest in Sherwood, claiming that Taggart had breached the company's operating agreement. Before trial, Taggart filed a Chapter 7 bankruptcy case. After Taggart received his Chapter 7 bankruptcy discharge, the state court entered judgment against Taggart and in favor of Sherwood. Sherwood then moved in state court for an award of its attorneys' fees incurred after Taggart filed his bankruptcy petition. Sherwood argued that Taggart "returned to the fray" post-petition and was therefore liable for post-petition attorneys' fees.

Taggart returned to the bankruptcy court and sought damages for violation of the discharge order. The bankruptcy court concluded that Taggart "returned to the fray" and found no violation of the discharge order.

4

The district court held that Taggart had not returned to the fray and found that Sherwood violated the discharge order by trying to collect attorneys' fees. The district court then remanded the case to the bankruptcy court to determine the amount of damages.

The bankruptcy court applied a "strict liability standard" and awarded damages because it found that Sherwood was aware of the discharge order and intended the actions which violated the discharge injunction.

Sherwood appealed, the Ninth Circuit Bankruptcy Appellate Panel vacated the sanctions, and the Ninth Circuit Court of Appeals affirmed. The Ninth Circuit Court of Appeals held that since Sherwood had a good faith belief that the discharge injunction did not apply to its claims, civil contempt sanctions were improper.

The Supreme Court held that civil contempt is a severe remedy, the standard for civil contempt is generally an objective one, and a party's subjective belief will not insulate such party from civil contempt if that belief was objectively unreasonable. *Id.* at 1802. It opined that a party's good faith, even when it does not bar civil contempt, helps to determine the appropriate sanction. *Id.* Finally, and importantly for our purpose here, it also held that a discharge order would normally cover attorneys' fees from pre-petition litigation, unless the debtor "returned to the fray" after receiving the discharge. *Id.* at 1800. The Supreme Court reversed and remanded the matter to the Ninth Circuit Court of Appeals to apply the proper standard for civil contempt.

The Supreme Court cited *In re Ybarra*, 424 F.3d 1018 (9th Cir. 2005), approvingly, for the proposition that a discharge order would ordinarily cover and discharge post-petition attorneys' fees stemming from pre-petition litigation, unless the debtor "returned to the fray" after filing for bankruptcy. *Taggart*, 139 S. Ct. at 1800. This principal prevents a debtor from using the discharge as a shield **and** a sword and balances the competing policy concerns of providing debtors with a fresh start and preventing post-bankruptcy acts taken with impunity. Succinctly, if the debtor chooses to litigate after the discharge has entered, he or she does so with the risk of incurring post-petition costs involved in such actions.

The matter is before this Court on a motion to dismiss. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (citation omitted). In reviewing a motion to dismiss, all well-pleaded factual allegations set forth in the complaint are taken as true. *Oppenheim v. Sterling*, 368 F.2d 516, 519 (10th Cir. 1966) (citations omitted).

The Court has liberally construed MacIntyre's *pro se* filings but cannot act as her advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## CIVIL CONTEMPT

For MacIntyre to prevail on a claim for civil contempt for violation of the discharge order, she must prove that Chase committed an act to collect a debt, that she did not return to the fray, that she suffered actual damages, and that the actions of Chase were objectively unreasonable.  The Court is mindful of its obligation to enforce its previous orders, including the discharge injunction, because the fresh start in bankruptcy would be undermined if the discharge injunction was not vigilantly enforced.

MacIntyre does not claim that Chase ever collected any of the post-discharge fees or that she suffered actual damage.  Her complaint for alleged violation of the discharge injunction is that the January 4, 2017 order of the Colorado Court of Appeals awarding Chase attorneys' fees and costs for the appeal in an amount to be determined did not explicitly state it was an *in rem* award.  She claims that therefore the January 4, 2017 order is "illicit and void" and should be stricken by this Court.

Her complaint also alleges that Chase made misrepresentations to the Colorado Court of Appeals for the unlawful purpose of keeping her "moot" appeal artificially alive.

First, the Court finds that the complaint fails to state a claim for relief for a discharge injunction violation because MacIntyre certainly voluntarily "returned to the fray" by, after her discharge entered, defending the judicial foreclosure action, appealing the adverse determination of the state court to the Colorado Court of Appeals, seeking three stays pending appeal, appealing the adverse determination of the Colorado Court of Appeals to the Colorado Supreme Court, suing Chase in United States District Court, and appealing the adverse determination of the United States District Court to the Tenth Circuit Court of Appeals.  This finding is itself dispositive of the complaint.

Second, Chase never took any act to violate the discharge injunction.  It informed the state court in 2017 that it would not seek attorneys' fees and expenses for the appeal. It never executed on any judgment or collected a penny from MacIntyre.

Third, MacIntyre admitted at oral argument that she never suffered any actual damages from the conduct of Chase.

Fourth, MacIntyre's claims that Chase defrauded the state court and that this Court should strike the "illicit" order of the Colorado Court of Appeals are state law issues for the state courts to decide under the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine, derived from two Supreme Court Cases, *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "forbids lower federal courts from reviewing state-court civil judgments."  *Mayotte v. U.S. Bank Nat'l Ass'n for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 880 F.3d 1169, 1170 (10th Cir. 2018).  In other words, federal district courts cannot sit in an appellate capacity over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Such state court judgments "include those that authorize and confirm the sale of property."  *Silva v. US*

*Bank, Nat'l Assoc.*, 294 F. Supp. 3d 1117, 1128 (D. Colo. 2018) (citation and alterations omitted).

MacIntyre voluntarily dismissed her appeal to the Colorado Supreme Court, wherein she had the opportunity to raise the latter two complaints.  Thus, the state trial court and appellate court orders are final orders.  MacIntyre now asks this Court to act as a state appellate court over said matters.  Just as the United States District Court found that the *Rooker-Feldman* doctrine deprived it of subject matter jurisdiction to reopen finally-decided state court matters in the Federal Court Litigation, so too does this Court find that it lacks jurisdiction to review the state trial court and appellate court orders.

## CONCLUSION

The Court finds that MacIntyre's complaint fails to state a claim for relief under 11 U.S.C. § 524(a)(2) for the above reasons.  It is therefore

ORDERED the Motion to Dismiss the complaint (Doc. 12) filed by Chase is GRANTED.

Dated this 3rd day of October, 2019.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge

7